The CITY OF NEW YORK, Plaintiff,

v.

**VERIZON NEW YORK INC., Defendant.**

No. 03Civ.8116(LTS)(GWG).

United States District Court, S.D. New York.

Aug. 20, 2004.

**223**

June R. Buch, New York, NY, for Plaintiff.

Todd Andrew Bromberg, Andrew G. McBride, Wiley, Rein & Fielding LLP, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

SWAIN, District Judge.

Defendant Verizon New York Inc. ("Verizon") moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of the Amended Complaint (the "Complaint") of the City of New York ("Plaintiff" or the "City") in this removed declaratory judgment action. The Court has considered thoroughly all submissions and argument in connection with the instant motion. For the following reasons, the Court finds that it lacks subject matter jurisdiction of the action. Accordingly, the matter will be remanded to the Supreme Court of the State of New York, New York County, and Defendant's motion to dismiss the Complaint is denied without prejudice to renewal in an appropriate forum.

### BACKGROUND

This action arises from a dispute between the parties as to whether Verizon must obtain a franchise from the City pursuant to the New York City Charter in order to continue to occupy and use the City's streets in connection with Verizon's telecommunications equipment. (Compl. ¶ 1.) Verizon and its predecessors have provided telecommunications services to the City of New York since 1881 without such a franchise. (Compl. ¶¶ 15–17.) According to Plaintiff, Verizon cites Section 27 of the New York State Transportation Corporations Law,[1] and a Resolution dated

---

1. Section 27 provides, in pertinent part, that: Any [telegraph] corporation is authorized,

December 18, 1881, of the Board of Aldermen of the City of New York,[2] granting the Metropolitan Telephone and Telegraph Company (a Verizon predecessor) permission to install electrical conductor lines under the City's streets as authority for its current use and occupancy of City streets. (*Id.* ¶¶ 3–4, 13–16.)

The City commenced this action in the Supreme Court of New York for New York County on September 12, 2003, seeking a declaratory judgment that Verizon's "use and occupancy of the City's streets is contrary to law because Verizon must obtain a franchise from the City that complies with the City Charter, authorizing such use and occupancy." (Orig. Compl. at 9.) Verizon removed the action to this Court on October 14, 2003, pursuant to 28 U.S.C. § 1441(b), asserting that adjudication of Plaintiff's claims necessarily turns on the resolution of question of federal law under Section 253 of the federal Telecommunications Act of 1996, and that the issues under Section 253 that are present in this case could have served as the basis of an affirmative action filed by Verizon against the City. (Not. of Rem. ¶¶ 4–6, 12.)

On December 2, 2003, Plaintiff filed the Complaint, which seeks a declaratory judgment that Verizon lacks authority under any provision of state or local to use or occupy the City's streets. *See* Compl. ¶¶ 23–34. The Complaint also seeks, in its fifth cause of action ("Count V"), a declaratory judgment that, if the Court finds that any provision of state or local law authorizes Verizon to use and occupy City streets without having to obtain a franchise under the City Charter, such provision is preempted by Section 253 of the Telecommunications Act as interpreted by the United States Court of Appeals for the Second Circuit in *TCG New York, Inc. v. City of White Plains*, 305 F.3d 67 (2d Cir.2002). (Compl. ¶¶ 35–39, and at 11.)

On January 15, 2004, Verizon moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of the Complaint. After the motion was fully submitted, the Second Circuit issued its decision in *City of Rome v. Verizon Communications Inc.*, 362 F.3d 168 (2d Cir. 2004). The plaintiff municipality in *City of Rome* sought to compel the defendant telecommunications provider to enter into a renewed franchise agreement, and brought an action against the defendant in state court seeking a declaration of the parties' respective rights with respect to renegotiating and renewing a franchise. *Id.* at 172–73. The provider, Verizon Communications Inc. ("VCI"), removed the action to federal court, asserting that determination of the plaintiff's state law claims " 'turns entirely on the resolution of several important questions of federal law.' " *Id.* at 173. VCI then moved to dismiss the complaint on the ground that Section 253 rendered unlawful certain terms of the plaintiff's proposed franchise agreement, and the district court ultimately awarded summary judgment in VCI's favor on that basis. *Id.* The Second Circuit vacated the judgment and directed the district court to remand the action to state court because the court lacked subject matter jurisdiction of the

---

from time to time, to construct and lay lines of electrical conductors under ground in any city ... within the limits of this state, subject to all the provisions of law in reference to such companies not inconsistent with this section; provided that such corporation shall, before laying any such line in any city ... of this state, first obtain from the common council of cities or other body having like jurisdiction therein ... permission to use the streets ... for the purposes herein set forth.

N.Y. Transp. Corp. Law § 27 (McKinney's 1996).

2. In 1881, the City of New York consisted of the area now known as the borough of Manhattan and portions of the Bronx.

action. The court found that the City of Rome had not asserted a federal cause of action, and that Section 253 did not fall within the "complete preemption" exception to the well-pleaded complaint rule. *Id.* at 178–82.

In light of *City of Rome*, this Court directed the parties to submit supplemental briefs on whether the Court has subject matter jurisdiction of this action. Oral argument on the pending motion and the jurisdictional issue was heard on May 13, 2004.

The City and Defendant both argue that the Court has subject matter jurisdiction of the Amended Complaint because Count V asserts an affirmative federal claim under Section 253 of the Telecommunications Act,[3] and that the Court has supplemental jurisdiction of Plaintiff's other claims. At oral argument, the City described the nature of its federal claim as follows: "Our [federal] claim is that if state law grants Verizon a unique authorization to occupy the city streets without compensation ... that law ... should be preempted in that respect because under the Second Circuit's interpretation of [Section] 253(a), [that law] is in effect a prohibition ... on the ability of any competitor or potential competitor to compete in a fair and balanced legal and regulatory environment." (Tr. of May 13, 2004 Argument ("Tr.") at 10–11.)

### DISCUSSION

■ The Court has an independent duty to assess whether it has subject matter jurisdiction of this action. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990). The parties invoke federal question jurisdiction under 28 U.S.C. § 1331, which confers upon district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (West 1993). "[I]n assessing whether federal question jurisdiction lies," the Court must determine whether "the well-pleaded complaint asserts a federal claim on its face." *City of Rome*, 362 F.3d at 174. "The mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach." *Id.* Furthermore, " 'if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking.' " *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 16, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). *See also Fleet Bank v. Burke*, 160 F.3d 883, 886 (2d Cir.1998) (well-pleaded complaint rule requires that complaint must "assert the federal question as part of the plaintiff's claims," and precludes "invoking federal question jurisdiction merely to anticipate a federal defense, including the defense of preemption") (internal citations omitted).

■ Certain exceptions to the well-pleaded complaint rule do exist. In *Beneficial National Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003), the Supreme Court explained that federal question jurisdiction of a claim that does not satisfy the well-pleaded complaint rule nonetheless lies when Congress has expressly provided for removal of such claims or when a federal statute "wholly displaces the state-law cause of action through complete pre-emption." *Id.* at 8, 123 S.Ct. 2058. In *City of Rome*, the Second Circuit held that neither of these exceptions applies to actions involving the

---

**3.** Section 253(a) of the Telecommunications Act provides that, "No state or local statute or regulation, or other State or local legal requirement, may prohibit or have the effect of prohibiting the ability of any entity to provide any interstate or intrastate telecommunications service." 47 U.S.C.A. § 253(a) (West 2001).

Telecommunications Act. *City of Rome,* 362 F.3d at 177–180 (noting that Congress did not expressly provide for removal of actions under Section 253, and finding that Section 253 does not completely preempt state and local law). Accordingly, the Complaint must satisfy the well-pleaded complaint rule in order to provide a basis for federal question jurisdiction.

 The Court first notes that, in light of *City of Rome,* it is clear that, unless the Complaint asserts an affirmative federal claim, the state law claims in the Complaint do not arise under federal law for the purposes of federal question jurisdiction, regardless of any federal preemption defense Verizon may be able to assert to those claims, and regardless of any hypothetical coercive action Verizon might be able to bring under Section 253 to enjoin imposition of the franchise requirement at issue. Like VCI in *City of Rome,* Verizon removed this action on the ground that adjudication of Plaintiff's state law claims turns on the resolution of questions of federal law under Section 253 of the Telecommunications Act, and on the basis that Verizon could have brought an action under Section 253 against the City in connection with the instant claims.[4] The *City of Rome* Court rejected VCI's subject matter jurisdiction argument as outside the analytical parameters enunciated by the Supreme Court in *Franchise Tax Board,* which held that federal subject matter jurisdiction is present where resolution of a state law claim necessitates construction of federal law. *Id.* at 176. *See Franchise Tax Board,* 463 U.S. at 9, 103 S.Ct. 2841 ("We have often held that a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law . . . .").

In *Franchise Tax Board,* the plaintiff state tax agency sought a declaration of its right to levy on funds held by defendants under an ERISA-covered plan, a right the defendants asserted was preempted by ERISA. *Id.* at 3–7, 103 S.Ct. 2841. The Court found that plaintiff's claims did not arise under federal law, even though the complaint clearly presented ERISA issues, and even though the defendants could have sought an injunction under ERISA against imposition of the levy, because, absent the declaratory judgment procedure, the ERISA issues would have arisen primarily as a defense to an action by the plaintiff under state law to enforce the levy. *See id.* at 20–22, 103 S.Ct. 2841. Similarly, in *City of Rome* the court found that the question of whether VCI could have brought a coercive action under Section 253 against the plaintiff was not relevant to the jurisdiction analysis because, as here:

> [T]he City brought its action *not* to precipitate a suit that otherwise might need to wait for the declaratory relief defendant to bring a coercive action, or [to] receive a declaration that [VCI] did not possess an affirmative right under the Telecommunications Act, but rather to force [VCI] to negotiate a new franchise agreement. The underlying cause of action was, therefore, the [City of Rome's] request for a declaration of state and local law, pursuant to which it would be able to coerce Verizon into entering negotiations.

*City of Rome,* 362 F.3d at 175 n. 3 (internal citations, brackets, and quotation marks omitted).

 Under the principles articulated in *Franchise Tax Board* and *City of Rome,*

---

4. Although Verizon argues primarily that the Court has jurisdiction because the City has asserted an affirmative federal claim, Verizon continues to argue that its grounds for remov-

al listed above also provide a basis for federal question jurisdiction. *See* Def.'s Suppl. Brief on Jurisdiction at 4 n. 3.

which bind this Court, neither the possibility that the Complaint may raise questions of federal law under Section 253 or that Verizon may be able to seek an injunction under Section 253 against imposition of certain state law franchise requirements is sufficient to confer jurisdiction of the Complaint upon the Court. The existence of jurisdiction thus depends on whether the Complaint asserts an affirmative federal claim.

As Plaintiff made clear at oral argument, Plaintiff's purported affirmative federal claim is nothing more than an anticipatory federal preemption rejoinder to Verizon's expected invocation of state law as authority for its unfranchised occupancy. *Fleet Bank v. Burke*, 160 F.3d 883 (2d Cir.1998), is instructive in this regard. In *Fleet Bank*, the plaintiff bank brought an action against Connecticut's Banking Commissioner seeking, in part, judgment declaring 1) that Connecticut law governing automated teller machines ("ATMs") does not prohibit federally chartered banks from imposing fees on customers who lack Fleet accounts and use Fleet ATMs, or 2) that, to the extent Connecticut law does prohibit such fees, it is preempted by the National Bank Act. *Id.* at 885. The court noted that, subject to an "uncertainty" not pertinent here, in the absence of complete preemption, "federal subject matter jurisdiction is lacking for a declaratory judgment action that anticipates a federal preemption defense to a threatened state law enforcement action," and thus subject matter jurisdiction would have been lacking for Fleet's action had it sought only declaratory relief. *Id.* at 887.

■ Like the plaintiff in *Fleet Bank*, the City asserts that, if Defendant does have the authority it asserts under state law, then federal law preempts state law to the extent such authority is found to exist. Specifically, the City contends that, if Verizon has authority under state law to occu-

py Plaintiff's streets without a franchise, then state law is preempted to that extent by Section 253(a) of the Telecommunications Act. Underscoring the defensive nature of its purported federal claim, Plaintiff has emphasized that it is not asserting any affirmative rights under Section 253 to compel Verizon to enter into franchise negotiations, but is only raising Section 253 as a potential bar to an as yet unadjudicated claim of authority under state law. *See* Tr. at 10–11; Pl.'s Resp. Mem. of Law with Respect to Jurisdiction at 2–3. Verizon, on the other hand, argues that Count V necessarily encompasses an affirmative claim that the City's existing franchise agreements with other providers are valid under Section 253(c). Even if plead explicitly, however, this "claim" would be nothing more than a defense to Verizon's anticipated argument that Section 253(a) preempts the franchise agreement requirements that are at issue here. "Such an anticipatory rejoinder to a defense cannot, any more than a defense itself, provide the basis for federal question jurisdiction." *City of Rome*, 362 F.3d at 175 n. 4. *See also Franchise Tax Board*, 463 U.S. at 10, 103 S.Ct. 2841 (federal courts do not have "original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, or that a federal defense the defendant may raise is not sufficient to defeat the claim") (internal citations omitted).

Count V thus fails to provide a basis for federal question jurisdiction of the subject matter of this litigation. Remand of this action is therefore appropriate. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## CONCLUSION

For the foregoing reasons, this action is hereby remanded to the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. § 1447(c). Defendant's motion dismiss is denied without prejudice to renewal in an appropriate forum.

SO ORDERED.